UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

JAMES DEVAULT

Case No. 3:16-cr-00015-RLY-CSW-7

ORDER     ON     MOTION     FOR
SENTENCE   REDUCTION   UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-cr-00015-RLY-CSW |
| | ) | |
| JAMES DEVAULT, | ) | -7 |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant James Devault has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 326. For the reasons explained below, his motion is **DENIED**.

### I.    Background

In November 2018, Mr. Devault pleaded guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. Dkt. 258 at 1. According to the presentence investigation report, Mr. Devault was a mid-level distributor in a large-scale methamphetamine distribution conspiracy in the Evansville, Indiana area. Dkt. 237 at 4–7. The readily provable quantity of methamphetamine ice attributable to Mr. Devault was at least 1.5 kilograms but less than 4.5 kilograms. *Id.* at 7.

Mr. Devault faced a guidelines range of 262 to 327 months of imprisonment. Dkt. 237 at 21. The Court sentenced him to 180 months of imprisonment followed by five years of supervised release. Dkt. 258 at 2–3. The Bureau of Prisons ("BOP") currently reports Mr. Devault's anticipated release date (with good-conduct time included) as December 18, 2026. https://www.bop.gov/inmateloc/ (last visited May 3, 2024).

2

Mr. Devault has filed a hybrid motion for compassionate release and for relief under Amendment 821 of the United States sentencing guidelines *pro se*. Dkt. 236. Because these requests are distinct regarding eligibility for relief and remedies available, and for clarity in the docket, the Court docketed his motion twice, first as a motion for compassionate release and second as a motion under Amendment 821. Dkt. 237. The Court will address only the compassionate release portion in this order and will address his request under Amendment 821 in a separate order. *Id.*

Mr. Devault argues that he establishes extraordinary and compelling reasons for compassionate release because a change in the law has created a disparity between the sentence he is serving and the sentence he would receive today. Dkt. 236. The Court concludes that it can resolve the motion without a response from the United States.

## II.    Discussion

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Yet, under one exception to this rule, a court may reduce a sentence "after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable," if it finds that there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). The Seventh Circuit has held that district courts have broad discretion in determining what constitutes "extraordinary and compelling reasons" under the statute. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). As the party moving for compassionate release, Mr. Devault bears the burden of establishing extraordinary and compelling reasons that warrant a sentence reduction. *United States v. Newton*, 996 F.3d 485, 488 (7th Cir. 2021).

Mr. Devault contends that the disparity between the sentence he received and the sentence he might receive if he was sentenced today establishes an extraordinary and compelling reason to release him. Specifically, he argues that his sentencing guidelines range would be lower today because he would not be considered a "career offender" under current law. Dkt. 326 at 6.

Under the newly amended guidelines, effective November 1, 2023, a court is permitted to find extraordinary and compelling reasons for release regarding defendants for whom a change in the law would affect their sentence if sentenced today under the following circumstance:

> If a defendant received an unusually long sentence and has served at least 10 years of the term of imprisonment, a change in the law (other than an amendment to the Guidelines Manual that has not been made retroactive) may be considered in determining whether the defendant presents an extraordinary and compelling reason, but only where such change would produce a gross disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed, and after full consideration of the defendant's individualized circumstances.

U.S.S.G. § 1B1.13(b)(6). Consideration of changes in the law is limited by § 1B1.13(c) which states:

> Except as provided in subsection (b)(6), a change in the law (including an amendment to the Guidelines Manual that has not been made retroactive) shall not be considered for purposes of determining whether an extraordinary and compelling reason exists under this policy statement.

Mr. Devault does not meet the requirements of this § 1B1.13(b)(6) because has not yet served 10 years of his term of imprisonment. *See* dkt. 237 at 1 (defendant was first taken into custody on state charges related to this case on March 8, 2016). The Court is prohibited under § 1B1.13(c) from considering a change in the law in determining whether extraordinary and compelling reasons for release exist where the defendant does not meet all the requirements of (b)(6). For these reasons, the Court finds that Mr. Devault has not carried his burden to show that the fact that he might receive a lower sentence if sentenced today establishes an extraordinary and compelling reason to release him, whether considered alone or together with any other reason.

In sum, the Court finds Mr. Devault has not established an extraordinary and compelling reason to release him, whether considered alone or in conjunction with any other reason. Given this determination, the Court need not address whether he is a danger to the community and whether the sentencing factors listed in 18 U.S.C. § 3553(a) weigh in favor of his release.

### III.   Conclusion

For the reasons stated above, Mr. Devault motion for compassionate release, dkt. [326], is **denied**.

**IT IS SO ORDERED.**

Date: 5/08/2024

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel

James Devault
Register Number: 07407-028
FMC Lexington
Federal Medical Center
P.O. Box 14500
Lexington, KY 40512