Case 3:16-cr-00015-RLY-CSW   Document 343   Filed 05/29/24   Page 1 of 5 PageID #: 1420

AO 247 (Rev. 03/19) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)   Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
Southern District of Indiana

United States of America
v.
James Devault

Case No: 3:16-cr-15-7
USM No: 07407-028

Date of Original Judgment: 11/13/2018
Date of Previous Amended Judgment: N/A
*(Use Date of Last Amended Judgment if Any)*

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☒ DENIED.  ☐ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of _____ months **is reduced to** _____.

*(See Page 2 for additional parts. Complete Parts I and II of Page 2 when motion is granted)*

Except as otherwise provided, all provisions of the judgment dated 11/13/2018 shall remain in effect.
**IT IS SO ORDERED.**

Order Date: 5/29/2024

Effective Date: _____
*(if different from order date)*

RICHARD L. YOUNG, Judge
*Printed name and title*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:16-cr-00015-RLY-CSW |
| JAMES DEVAULT, | ) ) | -07 |
| Defendant. | ) ) | |

**ENTRY DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION**

Defendant James Devault moves to reduce his 180-month sentence under 18 U.S.C. § 3582, U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10, and Amendment 821 to the Sentencing Guidelines. (Filing No. 328). He also supplemented his motion. (Filing Nos. 335, 336). For the reasons set forth below, the court **DENIES** Devault's motion.

**I.    Background**

Devault pleaded guilty to conspiracy to possess with intent to distribute 500 grams or more of a substance containing a detectable amount of methamphetamine. (Filing No. 258, Judgment). Devault was assessed an offense level of 34. (Filing No. 237, Presentence Investigation Report ¶ 31). His subtotal criminal history score was 9. (*Id.* ¶ 46). He received a two-point increase for committing the offense while under a criminal justice sentence of probation, making his total criminal history score 11. (*Id.* ¶¶ 47–48). His criminal history score of 11 would have placed him in criminal history category V. (*Id.* ¶ 48). However, Devault was a career offender, which placed him in

1

criminal history category VI. (*Id.* ¶ 49). The resulting guidelines range was 262 to 327 months. (*Id.* ¶ 80). The court ultimately sentenced Devault to 180 months' imprisonment. (Judgment).

## II.     Legal Standard

The court may modify an imposed sentence of imprisonment under 18 U.S.C. § 3582(c)(2) to reflect changes in the Sentencing Guidelines where authorized by policy statements from the Sentencing Commission. The policy statement at U.S.S.G. § 1B1.10 provides that the court "may reduce" a defendant's sentence to reflect certain amendments to the Sentencing Guidelines. If a sentence reduction is consistent with U.S.S.G. § 1B1.10, the court considers the 18 U.S.C. § 3553(a) statutory factors in deciding whether and how to reduce a sentence. *Dillon v. United States*, 560 U.S. 817, 826–28 (2010); 18 U.S.C. § 3582(c)(2); U.S.S.G. § 1B1.10, cmt. n.1(B).

## III.    Discussion

Devault requests that the court reduce his sentence pursuant to Amendment 821, Part A.

Part A of Amendment 821 reduces the number of status points assessed to a defendant who committed the offense while under a criminal justice sentence from two points to either one point, if the defendant received seven or more criminal history points, or zero points, if the defendant received six or less criminal history points. U.S.S.G. § 4A1.1(e). Devault originally received two status points. (Presentence Investigation Report ¶ 47). Because Devault had a subtotal criminal history score of 9, (*id.* ¶ 46), Devault would now receive one status point pursuant to Part A. That one-point reduction

in status points would result in a total of 10 criminal history points. However, Devault was placed in criminal history category VI because he was a career offender. (*Id.* ¶ 49). As such, even with a reduction to his criminal history points, Devault would still be in criminal history category VI. U.S.S.G. § 4B1.1(b). Thus, the applicable guidelines range would remain 262 to 327 months. Because Part A does not reduce Devault's guidelines range, he is not eligible for a sentence reduction. *See id.* § 1B1.10(a)(2)(B) (stating a sentence reduction is not authorized where "[a]n amendment . . . does not have the effect of lowering the defendant's applicable guidelines range").

Because a sentence reduction is not allowed under the circumstances, the court does not reach the 18 U.S.C. § 3553(a) factors. Devault's 180-month term of imprisonment remains as imposed at sentencing.

## IV.   Conclusion

Devault's Motion for Sentence Reduction (Filing Nos. 328, 335, 336) is **DENIED**. **IT IS SO ORDERED** this 29th day of May 2024.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

3

Distribution:

All ECF-registered counsel of record via email

James Devault
Reg. No. 07407-028
FMC – Lexington
Inmate Mail/Parcels
P.O. Box 14500
Lexington, Kentucky 40512